UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL DAVID MITCHELL and CAROL LOUISE MITCHELL,<br><br>                 Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, *et al.*,<br><br>                 Defendants. | Civil No. 10cv432 L (WVG)<br><br>**ORDER GRANTING REAL TIME RESOLUTIONS' MOTION TO DISMISS [doc. #3] and GRANTING LEAVE TO AMEND** |

Defendant Real Time Resolution, Inc. ("RTR") moves to dismiss plaintiffs' complaint for failure to state a claim. The motion has been fully briefed.

**A.     Background**

Plaintiffs refinanced their residence with Countrywide Home Loans, Inc. as evidenced by two promissory notes signed by plaintiffs that were secured by the property. The transaction closed on March 3, 2006. In their complaint plaintiffs allege they received only one copy of the Notice of Right to Cancel and it did not contain the date of the transaction or the date of expiration of the right to cancel. Additionally, plaintiffs allege they rescinded their loans by sending a Rescission Notice to defendants Countrywide and Bank of New York on February 28, 2009 and to US Bank on March 2, 2009, but defendants failed to respond to the rescission demand. (Compl. at ¶¶ 35, 36.)

The complaint asserts three causes of action against defendant RTR: violation of the

Truth in Lending Act ("TILA"); quiet title; and violation of California Business Professions Code § 17200 based on the alleged TILA violation. RTR contends all claims fail as a matter of law.

**B.     Legal Standard**

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1966).

**C.     Discussion**

   **1.     TILA**

Liability under TILA applies to creditors and their assignees. See 15 U.S.C. §§ 1640, 1641. Loan servicers cannot be held liable under TILA unless they owned the loan obligation at some point in time. 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."); *see also Mulato v. WMC Mortg. Corp.*, 2009 WL 3561536 *6 (N.D.Cal., Oct. 27, 2009) ("As a loan servicer that has not been alleged to own Plaintiff's mortgage notes, Chase cannot be held liable for TILA

violations."). Here, plaintiffs allege on information and belief that RTR is a creditor by assignment within the meaning of 15 U.S.C. § 1602(f), as well as the loan servicer. (Compl. at ¶ 6.)

In the complaint, plaintiffs state that the Notice of Rescission was sent to Countrywide, Bank of New York and US Bank and acknowledge that it was not sent to RTR. Nevertheless and without legal authority, plaintiffs contend that notice of rescission to RTR is presumed: "Plaintiffs mailed their rescission notice to Countrywide, the entity that they were directed to send their payments, and effectively delivered their notice of rescission to Defendant RTR. (Opp. at 9.)

The language of Regulation Z, states in relevant part: "To exercise the right to rescind, the consumer **shall notify the creditor of the rescission by mail, telegram or other means of written communication**." 12 C.F.R. 226.23(a)(2)(emphasis added). It is well-established that "when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 124 S. Ct. 1023, 1030 (2004). When considering an agency's construction of the statute which it administers, if a court determines that "Congress has directly spoken to the precise question at issue," then "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *U.S. v. Haggar Apparel Co.*, 526 U.S. 380, 392 (1999). The language of Regulation Z is clear: in order to rescind a loan, actual notice of the rescission must be given to the creditor and it may not be presumed.

By acknowledging that they did not send their the Notice of Rescission to RTR, plaintiffs' TILA rescission claim is dismissed with prejudice.

Plaintiffs also seek damages against RTR as a creditor by assignment contending that it failed to comply with the rescission provisions of TILA and Regulation Z. (Compl. at ¶ 48.) As discussed above, a failure of a creditor to comply with the rescission provisions is triggered only upon receipt of a notice of rescission. Here, plaintiffs failed to provide a notice of rescission to RTR as required and therefore RTR cannot be liable for TILA damages under plaintiffs' legal theory. Accordingly, plaintiffs' TILA damages claim against RTR is dismissed with prejudice.

**2.   Quiet Title**

To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. CAL.CODE CIV. PRO. § 761.020. "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, 2009 WL 2407396, at *6 (S.D.Cal. Aug.4, 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 WL 3155808, at *20 (N.D.Cal. Aug.9, 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see also Mix v. Sodd*, 126 Cal. App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal. App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").

Although not required to make an evidentiary showing that they are able tender the proceeds of the loan, plaintiffs cannot state a claim for quiet title without at least alleging that they are financially capable of tendering the loan proceeds. Requiring a plaintiff to "allege either the present ability to tender the loan proceeds or the expectation that they will be able to tender within a reasonable time" is appropriate because "[i]t makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." *Romero v. Countrywide Bank, N.A.*, 2010 WL 2985539 (N.D. Cal. July 27, 2010).

In the present case, the complaint is not verified and does not contain a legal description of the property, the title, the adverse claims to title, or the date as of which the determination is sought. Further, plaintiffs have failed to assert an ability or willingness to tender plaintiffs' indebtedness. Accordingly, the Court concludes that the complaint fails to allege sufficient facts

to support a claim for quiet title. Plaintiffs will be given leave to amend their complaint to correct these defects.

### 3. Cal. Bus. & Prof. Code § 17200

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. Because Section 17200 is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 83 Cal. Rptr.2d 548, 561 (Cal. 1999). By proscribing "unlawful" acts or practices, "Section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable." *Id.* at 539-40.

Plaintiffs base their Section 17200 claim solely on a TILA violation. Because the Court finds dismissal with prejudice of the TILA claim is appropriate, the Court also will dismiss the Section 17200 claim.

## D. Leave to Amend

The complaint will be dismissed in its entirety; however, plaintiffs will be granted leave to file an amended complaint as to plaintiffs' claim for quiet title only. Counsel is reminded that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010). Under Rule 11, "the attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law. One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation and citations omitted).

/ / /

/ / /

**E.     Conclusion**

For the reasons set forth above, defendant RTR's motion to dismiss is **GRANTED**. Plaintiffs' TILA and California Business Professions Code § 17200 based on the alleged TILA violation claims are dismissed with prejudice; plaintiffs' quiet title claim is dismissed without prejudice. If plaintiffs intend to amend the complaint as to defendant RTR, they shall file an amended complaint by February 14, 2011.

**IT IS SO ORDERED.**

DATED: January 31, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL