UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL DAVID MITCHELL and CAROL LOUISE MITCHELL,<br><br>          Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, *et al.*,<br><br>          Defendants. | Civil No. 10cv432 L (WVG)<br><br>**ORDER GRANTING IN PART AND DENIED IN PART MOTION TO DISMISS [doc. #8] and GRANTING LEAVE TO AMEND** |

Defendants Bank of America fka Countrywide Home Loans, Inc. and Bank of New York move to dismiss plaintiffs' complaint for failure to state a claim, or in the alternative, to strike portions of plaintiffs' complaint. The motion has been fully briefed.

**A.  Background**

Plaintiffs refinanced their residence with Countrywide Home Loans, Inc. as evidenced by two promissory notes signed by plaintiffs that were secured by the property. The transaction closed on March 3, 2006. In their complaint filed on February 25, 2010, plaintiffs allege they received only one copy of the Notice of Right to Cancel for each loan and the copies did not contain the date of the transaction or the date of expiration of the right to cancel. Additionally, plaintiffs allege they rescinded their loans by sending a timely Rescission Notice to defendants

Countrywide and Bank of New York on February 28, 2009 and to US Bank[1] on March 2, 2009, but defendants failed to respond to the rescission demand. (Compl. at ¶¶ 35, 36.)

The complaint asserts three causes of action against defendant RTR: violation of the Truth in Lending Act ("TILA"); quiet title; and violation of California Business Professions Code § 17200 based on the alleged TILA violation. Defendants contend all claims fail as a matter of law.

**B.  Legal Standard**

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1966).

---

[1]  Although named as a defendant in this action, US Bank has not been served. Because more than 120 days have passed since the commencement of this action without service having been effectuated, US Bank is dismissed from this action under Federal Rule of Civil Procedure 4(m).

**C.     Discussion**

    **1.     TILA**

        **a.     Judicial Notice of Right to Cancel Documents**

Defendants contend that plaintiffs acknowledged receipt of the correct number of Notices of Right to Cancel that were fully completed and ask that the Court take judicial notice of several documents in support of their motion to dismiss.

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Judicial notice may be taken of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (alteration in original)).

The  Notices of Right to Cancel are not matters of public record and plaintiffs have

questioned the accuracy of the documents. Accordingly, the Court declines to take judicial notice of the Notices of Right to Cancel submitted by defendants.

### b. Timeliness

#### i. Rescission

Plaintiffs contend defendants failed to provide them with sufficient copies and completed disclosures of the notices of right to cancel on the two loans at issue. Although plaintiffs provided a notice of rescission to defendants within three years of the consummation of the loan, they did not file the present action until almost a year after the notice was sent. Defendants contend that the rescission claim is thus time-barred. But plaintiffs maintain that § 1635(f) only requires that they exercise their right to rescind within the three-year period and it does not require that they file an action within that period. There is a split of authority concerning whether § 1635(f) requires a borrower to file a rescission claim within three years after a transaction is consummated, or whether the borrower must only assert his right to rescission within that period. Section 1635(f) provides in relevant part:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .

Although § 1635(f) completely extinguishes the right of rescission at the end of the three-year period, it makes no reference to when a suit for rescission based on a violation under § 1635 must be commenced. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998)(The statute "talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.") . "The terms of a typical statute of limitations provide that a cause of action may or must be brought within a certain period of time." *Beach*, 523 U.S. at 417. In contrast, a statute of repose creates a time period to exercise a right. *Id.* If the right is not exercised when the statutory time period has passed, the substantive right to relief is extinguished. *Id.*

As noted above, some courts have concluded that an action must be filed within the three-year period whether notice of rescission was or was not given during that time. Defendants rely

on *Miguel v. Country Funding Corp.*, in which the Ninth Circuit found that § 1635(f) "represents an absolute limitation on rescission actions which bars any claims filed more than three years after the consummation of the transaction ... depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)). The Court further stated that "[b]ecause [the plaintiff] did not attempt to rescind against the proper [creditor] within the three-year limitation period, her right to rescind [under § 1635] expired." *Id.* at 1164-65.  The *Miguel* decision did not address the situation present here: plaintiffs timely provided notice of their right to rescind to the creditors under § 1635(f) and then filed an action to enforce that right within a year of the creditors' failure to respond to the notice of rescission.

Nevertheless and as noted by defendants, other district courts in this Circuit have dismissed rescission claims after the three-year period passed even when a notice of rescission was sent within that time period. *See Sam, v. Am. Home Mortgage Servicing*, 2010 U.S. Dist. LEXIS24881, at *2 (E.D. Cal. March 3, 2010); *Falcocchia v. Saxon Mortgage, Inc*., 2010 U.S. Dist. LEXIS 20536,  at*17 (E.D. Cal. Feb. 12, 2010).

But other decisions from this Circuit have addressed the particular factual scenario of this case and  allowed a plaintiff to assert a rescission claim outside the three-year period set forth in § 1635(f), so long as the plaintiff exercised his right to rescind within that period.

In *Santos v. Countrywide Home Loans*, 2009 WL 2500710, at *4-5 (E.D. Cal. Aug. 14, 2009), plaintiff gave notice to the creditor of his intent to rescind the loan prior to the end of the three-year limitations period. The court concluded that plaintiff could bring a rescission claim after the three-year period, but within the one-year limitations period borrowed from § 1640, which ran from the time the defendant failed to respond to the rescission demand. Similarly, in *Jozinovich v. JP Morgan Chase Bank, N.A.*, 2010 WL 234895, at *5 (N.D. Cal. Jan. 14, 2010), the court found plaintiff's rescission claim was timely when plaintiff mailed a rescission letter within the three-year limitations period.  And in *Pearce v. Bank of Am. Home Loans*, 2010 WL 2348637, at *4-5 (N.D. Cal. June 8, 2010), the court noted that "both the language of [§ 1635] and *Beach* 's interpretation of that language suggest strongly that the statute of repose applies to

the right of rescission under TILA and not the filing of a lawsuit.").

The Court concludes that when plaintiffs timely elected to rescind the loans and provided notice to the creditors, § 1635(f) did not create a limitation on the filing of suit to enforce that right. Plaintiffs timely exercised their right of rescission by providing notice to defendants within the three-year period required by § 1635(f) and by filing this action within one year of defendants' failure to timely respond to the notice.  Thus, defendants' motion to dismiss on this ground will be denied.

### ii.     Damages

Plaintiffs also have claimed statutory damages and attorney's fees because defendants did not respond to the rescission notice within the twenty days set forth in the statute. 15 U.S.C. 1640(a)(3) provides that, "in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 or 1638(e)(7) of this title, the costs of the action together with a reasonable attorney's fees as determined by the court [will be granted]."

There is a one-year statute of limitations for damages claims under TILA, and the statute only begins to run the day the violation occurred. Failure to respond to plaintiffs' notice of rescission is a separate violation which provides a basis for statutory damages under 15 U.S.C.A. § 1635(a). Here, the statutory period began 20 days after plaintiffs' provided valid notice of rescission and defendants failed to respond to the notice.  This action was brought within one year of the February 28, 2009 rescission notice, and therefore, the claim for statutory damages under TILA is not time barred.

### c.     Tender

The Court has discretion to require plaintiffs to plead their ability to tender in order to maintain a rescission claim under TILA. *See Yamamoto v. Bank of New York*, 328 F.3d 1167, 1173 (9th Cir.2003). Requiring a plaintiff to "allege either the present ability to tender the loan proceeds or the expectation that they will be able to tender within a reasonable time" is appropriate because "[i]t makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after

needless depletion of the parties' and the Court's resources." *Romero v. Countrywide Bank, N.A.*, 2010 WL 2985539 (N.D. Cal. July 27, 2010); *see also Garza v. American Home Mortgage*, 2009 WL 188604 at *5 (E.D. Cal. January 27, 2009).

Here plaintiffs have failed to allege *any* facts relating to their ability to tender the loan proceeds, or that they in fact ever tendered the loan proceeds.

### d. Conclusion

Although plaintiffs timely exercised their right to rescission and the TILA claims are not time barred, they have failed to sufficiently allege facts supporting their ability to tender the proceeds of the loan as part of the rescission process. Accordingly, plaintiffs' rescission claim under TILA will be dismissed without prejudice.

### 2. Quiet Title

To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. CAL. CODE CIV. PRO. § 761.020. "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, 2009 WL 2407396, at *6 (S.D.Cal. Aug.4, 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 2010 WL 3155808, at *20 (N.D.Cal. Aug.9, 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see also Mix v. Sodd*, 126 Cal. App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal. App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").

Although not required to make an evidentiary showing that they are able tender the proceeds of the loan, plaintiffs cannot state a claim for quiet title without at least alleging facts

that they are financially capable of tendering the loan proceeds.

In the present case, the complaint is not verified and does not contain a legal description of the property, the title, the adverse claims to title, or the date as of which the determination is sought. Further, plaintiffs have failed to assert an ability or willingness to tender plaintiffs' indebtedness. Accordingly, the Court concludes that the complaint fails to allege sufficient facts to support a claim for quiet title. Plaintiffs will be given leave to amend their complaint to correct these defects.

### 3. Cal. Bus. & Prof. Code § 17200

Section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. Because Section 17200 is written in the disjunctive, it prohibits three separate types of unfair competition: (1) unlawful acts or practices, (2) unfair acts or practices, and (3) fraudulent acts or practices. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 83 Cal. Rptr.2d 548, 561 (Cal. 1999). By proscribing "unlawful" acts or practices, "Section 17200 'borrows' violations of other laws and treats them as unlawful practices independently actionable." *Id.* at 539-40.

Plaintiffs base their Section 17200 claim solely on TILA violations. Because the Court finds dismissal of the TILA rescission claim is appropriate, the Court also will dismiss the Section 17200 claim associated with this claim. The TILA damages claim is timely and therefore the Section 17200 claim will not be dismissed.

### D. Leave to Amend

The complaint will be dismissed in its entirety; however, plaintiffs will be granted leave to file an amended complaint. Counsel is reminded that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010). Under Rule 11, "the attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law. One of the

fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation and citations omitted).

**E.    Conclusion**

For the reasons set forth above, defendants motion to dismiss is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Dismissal of plaintiffs' TILA rescission claim is **granted without prejudice** for failure to allege tender or ability to tender and **denied** as to timeliness;
2. Dismissal of plaintiffs' TILA damages claim is **denied**;
3. Dismissal of plaintiffs' California Business Professions Code § 17200 claim based on plaintiffs' TILA rescission claim is **granted without prejudice**;
4. Dismissal of plaintiffs' California Business Professions Code § 17200 claim based on plaintiffs' TILA damages claim is **denied**;
5. Dismissal of plaintiffs' quiet title claim is **granted without prejudice**.

**IT IS FURTHER ORDERED** that if plaintiffs intend to amend the complaint, they shall do so no later than February 14, 2011.

**IT IS SO ORDERED.**

DATED: January 31, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL